IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES E. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:13-CV-432-MEF-TFM |
| ) | |
| JEFFERY OWENS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. *See* Doc. 3. Now pending before the court is Defendant Chris Brooks' *Motion for Summary Judgment* (Doc. 38, filed April 24, 2014). On May 16, 2014, the Court ordered Charles E. Williams ("Williams" or "Plaintiff") to show cause why the motion should not be granted. *See* Doc. 40. Williams timely filed a response. *See* Doc. 44. The Court has carefully reviewed the motion, and the briefs filed in support of and in opposition to the motions. For good cause, it is the RECOMMENDATION of the Magistrate Judge that the Defendant's motion be GRANTED.

**I. JURISDICTION**

The district court has subject matter jurisdiction over the claims in this 42 U.S.C. § 1983 (Civil Rights Act of 1871, as amended) action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). The parties do not contest personal jurisdiction or venue, and there

are adequate allegations to support both.[1]

## II. SUMMARY JUDGMENT STANDARD

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)[2]; *see also Giles v. Wal-Mart Distrib. Ctr.*, 359 Fed. Appx. 91, 93 (11th Cir. 2009) (internal citations and quotations omitted) ("Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.").

A party in a lawsuit may move a court to enter summary judgment before trial. FED. R. CIV. P. 56(a)-(b). Summary judgment is appropriate when the moving party establishes

---

[1] Despite being the plaintiff in this case and voluntarily filing his Complaint in this Court, Williams argues that this Court lacks jurisdiction. *See* Doc. 44. However, Williams' argument is clearly without merit.

[2] The Eleventh Circuit overruled its prior holdings with regards to the heightened pleading standard for § 1983 claims that were asserted against government officials in their individual capacity. The Eleventh Circuit subsequently held that "[p]leadings for § 1983 cases involving defendants who are able to assert qualified immunity as a defense shall now be held to comply with the standards described in *Iqbal*." *Randall*, 610 F.3d at 709 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a);[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S.Ct 2548, 2552-53, 91 L.Ed.2d 265 (1986); *Moore ex rel. Moore v. Reese*, 637 F.3d 1220, 1231-32 (11th Cir. 2011). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *see also Ritchey v. S. Nuclear Operating Co., Inc.*, 2011 WL 1490358 (11th Cir. 2011) (unpublished opinion quoting *Anderson*). At the summary judgment juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511. Only disputes about the material facts will preclude the granting of summary judgment. *Id.*

The movant bears the initial burden of proof. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552. A party must support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not

---

[3] Effective December 1, 2010 Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." FED. R. CIV. P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word-genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. The Advisory Committee was careful to note that the changes "will not affect the continuing development of the decisional law construing and applying these phrases." *Id*. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule. *Id*.

establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty Cnty., Ga.*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)).

Once the movant meets its burden under Rule 56, the non-movant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Moore*, 637 F.3d at 1232 (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510). The court must view the facts and draw all reasonable inference in favor of the nonmoving party. *Id*. (citing *Rosario v. Am. Corrective Counseling Servs., Inc.*, 506 F.3d 1039, 1043 (11th Cir. 2007)); *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1265 (11th Cir. 2007) ("We view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion."). However, to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356 (citations omitted). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *Lejaun v. Nat'l*

*Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990). "Speculation does not create a *genuine* issue of fact." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (citation omitted) (emphasis in original). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249-50, 106 S.Ct. at 2510-11 (citations omitted). In short, summary judgment is proper after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

### III.  BACKGROUND

Williams challenges the constitutionality of arrests and warrants surrounding events that occurred on September 25, 2011 and January 12, 2013. Specifically he alleges he was wrongfully arrested, imprisoned, and prosecuted. *See* Doc. 1. Named as defendants are the Alabama Alcoholic Beverage Control ("ABC") Board, Jeffery Owens of the ABC Board,[4] Agent Geoffrey Owens of the ABC Board, Agent Jeremy Jones of the ABC Board, Agent Robbie Barton of the ABC Board, Agent Marvin Williford[5] of the ABC Board, Officer Smith

---

[4] Service was accepted for Jeffery Owens at the ABC Board, *see* Doc. 16, however no answer or other response was filed on behalf of Jeffery Owens. Instead, an answer was filed on behalf of Defendant Geoffrey Owens, an ABC Agent, who also was served at the ABC Board, *see* Docs. 13, 17. It appears that Plaintiff Williams named the same person using two different spellings. For example, the court takes judicial notice that in *Tillis v. Owens*, 2:13-cv-342-MEF, *see* Doc. 10, counsel filed an appearance on behalf of "Jeffery (sic) Owens, a named officer of the Alcoholic Beverage Control Board of Alabama." Because Williams named the proper defendant, Geoffrey Owens, and "Jeffery Owens" does not appear to exist, "Jeffery Owens" should be dismissed as a defendant.

[5] Williams named Marvin "Willford" as a defendant, and an appearance has been filed on behalf of Marvin "Williford." For purposes of this Recommendation, the court will refer to this defendant as he is

of the Troy Police Department, Officer Chris Brooks of the Troy Police Department, Officer William Cope of the Pike County Sheriff Department, Sheriff Russell Thomas of the Pike County Sheriff Department, and Lt. Sheriff Bob Williamson of the Pike County Sheriff Department. *Id.* The court allowed Williams to supplement the complaint to add as a defendant "their Superior Officer, County Prosecutor on this case (see Case No. CC-2012-184 for name(s)) etc."[6] *See* Docs. 5-6. The court also allowed Williams to supplement the complaint with additional attachments. *See* Docs. 36, 41. Williams seeks damages against defendants in their official and individual capacities.[7]

Brooks has submitted an affidavit averring that he had no involvement in the incidents at 3 Notch Street in Troy, Alabama in September 2011. *See* Doc. 38-3 at 3. In January 2012,

---

identified by the plaintiff.

[6] Williams did not provide the names of these defendants. In William's supplement to his Complaint he added "their Superior Officer, County Prosecutor on this case (see Case No. CC-2012-184 for name(s)) etc." *See* Doc. 5. The Federal Rules of Civil Procedure, however, do not allow pseudo party practice as it is incompatible with the requirements of the rules. *See* FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties [. . .]); *New v. Sports and Recreatiuon, Inc.*, 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997) (holding that fictitious party practice is not permitted in federal court and plaintiff's failure to name the parties requires the court to strike the parties); *Watson v. Unipress*, 733 F.2d 1386, 1388 (10th Cir. 1984) (stating that the plaintiff did not amend the complaint with identities of unknown defendants, and, therefore, no one directly involved in the incident was named as defendant). Due to Williams' failure to properly name the parties and provide identifiable information, none of the unnamed parties were served. Thus, they should be dismissed for failure to name all of the parties and for lack of timely service. *See* FED. R. CIV. P. 4(m), 10(a). Williams also listed John Doe defendants in his response to the order to show cause, but he did not seek permission to amend the complaint or provide the names of these persons so they could be served. *See* Doc. 35. Accordingly, the court does not consider "John Does" as defendants.

[7] In his response to the orders to show cause, Williams also asks "to be appointed an attorney which was denied." *See* Doc. 35 at 3. Williams is not entitled to an attorney in this civil action, and the court concludes that Williams does not meet the exceptional circumstances that would warrant counsel. *See* 28 U.S.C. § 1915(e)(1); *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (no abuse of discretion not to appoint counsel where core facts were undisputed and legal claims were straightforward).

Brooks began investigating complaints that there was a "shot house" operated by Williams. *Id.* Brooks worked with an informant who agreed to go to the "shot house" and purchased alcohol from Williams, apparently on January 12, 2012. *Id.*; Doc. 38-4 at 2-27 (trial testimony of Brooks regarding information from confidential informant received on January 12, 2012, and purchase of alcohol at 6043 Alabama Highway 87). Based on the information from the informant, Brooks obtained a search warrant. *See* Doc. 38-3 at 3. Although the search warrant and supporting affidavit are not attached to Brooks' affidavit, the other materials before the court indicate Brooks secured the warrant issued on February 17, 2012. *See* Doc. 1-1, at 13 (Feb. 12, 2012 warrant to search 6043 Alabama Highway 87 delivered to Christopher Brooks); Doc. 38-4 at 4-6 (trial testimony of Brooks regarding search warrant for the address at 6043 Alabama Highway 87).

Although Williams withdrew his earlier motion to suppress the warrant, during his trial he challenged the warrant, and the trial court held a hearing on the motion to suppress outside the jury's presence. *See* Doc. 38-2 at 3 (decision of the Alabama Court of Criminal Appeals). Brooks testified at trial he got the address from "the E-911 mapping system to locate the actual physical address. . . . And it was east of a doublewide trailer that sat on Alabama Highway 87." *See* Doc. 38-4 at 4. He testified that the informant previously had given him reliable information on more than five occasions, and Brooks went to the location three to five times and "observed numerous cars in and out of the residence," and the number of cars corroborated the informant's information regarding the "shot house" at the

residence. *See* Doc. 38-4 at 4-6.

Brooks avers that his planned role in the execution of the warrant was to secure the perimeter. *See* Doc. 38-3 at 4. On the way to execute the search, however, Brooks stopped a car leaving the premises and learned there were outstanding warrants for the occupants. *Id.* Brooks arrested the individuals and arranged for their transport with the Troy City Police, and by the time Brooks reached the residence to be searched, the premises was already secure and the search had begun. *Id.* Brooks had little to no personal interaction with anyone, and he recalls no interactions with Williams. *Id.* Brooks states that if he had arrived at the home sooner, his "sole job would have been to secure the perimeter, specifically make sure that no one left or entered the back door while the house was being secured and the search [was taking] place." *Id.* Brooks avers he made no arrests and issued no citations "on the evening in question in January 2012." *Id.* He further avers that he never arrested Williams or issued Williams a citation to cause him to be prosecuted. *Id.* Brooks is aware that Williams was tried for an arrest or citation issued on January 12, 2012, and Brooks testified at the trial about the proper address for the search warrant. *Id.*

The Alabama Court of Criminal Appeals described two charges against Williams for possession of alcohol for sale without a license occurring on two different dates: Case Number CC-2012-183 charged that Williams committed the offense of January 12, 2012, and Case Number CC-2012-184 charged that Williams committed the offense on February 22, 2012. *See* Doc. 38-2 at 2. This information in consistent with the materials Williams

submitted. *See* Docs. 1-1, 35-1, 36-1. A jury found Williams not guilty of the January 12, 2012 charge, and it found him guilty of the February 22, 2012 charge. *See* Doc. 38-2 at 2. On appeal of the February 22, 2012 offense, the Court of Criminal Appeals held that Williams did not object to the admission of the warrant, therefore, any error in admitting Brooks' testimony regarding hearsay evidence from the confidential informant was harmless, and there was sufficient evidence to convict Williams of offering to sell liquor without a license on February 22, 2012. *Id.* at 6-7. The Court refused to consider Williams' argument that the search and seizure was unreasonable because the argument was vague and did not cite the record or legal authority, as required by Alabama procedural rules. *Id.* at 8-9.

Williams responds to the motion for summary judgment with conclusory arguments, asserting such things as "fraud on the court" and "flagitious conduct," challenging the court's authority and conduct, and stating he "will provide the Court with Proof to substantiate all my claims against the Defendants as listed." *See* Doc. 44. Williams received time to come forward with additional facts to rebut those in the summary judgment record, but he did not, and the time to do so has now passed.

### IV. DISCUSSION AND ANALYSIS

Defendant Christopher Brooks, a police officer with the City of Troy Police Department, moves for summary judgment on the grounds that 1) the complaint fails to satisfy Federal Rule of Civil Procedure 8; 2) it is undisputed that he was not involved in the alleged unconstitutional acts on September 25, 2011; 3) he was not present at the time the

alleged unconstitutional search warrants were executed; 4) he is entitled to qualified immunity because he had probable cause or arguable probable cause to obtain the January 12, 2013 search warrant; and 5) he is entitled to collateral estoppel on the issue whether the search warrant he obtained was valid.  *See* Docs. 38, 39.

**A.     Claims Against Brooks in His Official Capacity**

Williams' complaint – including the attachments – does not allege a basis for § 1983 liability against Brooks in his official capacity for the alleged constitutional violations; such liability may not rest on *respondeat superior*.  *See Nettles v. City of Leesburg – Police Department*, 415 F. App'x 116, 122 (11th Cir. 2010) (observing that a municipality cannot be held liable under § 1983 "for injuries caused solely by its employees" and affirming dismissal of § 1983 claim where complaint failed to "allege sufficient 'factual content that allows the court to draw the reasonable inference' that the City of Leesburg Police Department is liable for any misconduct under § 1983") (citation omitted); *Skop v. City of Atlanta, GA*, 485 F.3d 1130, 1145 (11th Cir. 2007) (municipality cannot be found liable under § 1983 "on a vicarious liability theory").  Accordingly, Williams' complaint fails to state a claim for relief against Brooks in his official capacity.

**B.     Claims Against Brooks in His Individual Capacity**

*i.     September 25, 2011, January 12, 2012, and January 12, 2013*

First, it is undisputed that Brooks had no involvement in the alleged constitutional violations on September 25, 2011, and that Brooks did not arrest Williams on January 12,

2012, or January 12, 2013, thus Brooks has established that no reasonable juror could find that Brooks violated Williams' rights on any of those dates. *See Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it.").

    *ii.*    *February 17, 2012, Search Warrant*

Although Williams does not specifically challenge the February 17, 2012, warrant, it is the only event factually connected to Brooks on the record, and the court addresses the viability of his claim regarding it. Brooks argues that he is entitled to qualified immunity regarding the search warrant he obtained. *See* Doc. 39 at 11-20. Brooks further argues that collateral estoppel bars relitigation of the validity of the warrant. *See* Doc. 39 at 20-24. The court agrees.

    a.    Collateral Estoppel, or Claim Preclusion[8]

"The general principle of res judicata prevents the relitigation of issues and claims already decided by a competent court." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263

---

[8] In his answer, Brooks did not raise res judicata or collateral estoppel as an affirmative defense. *See* Doc. 19. Normally such failure would constitute waiver of the defense. *See Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir.1982). Williams, however, suffered no prejudice from the omission because he received notice of the defense in Brooks' motion for summary judgment, and Williams had ample opportunity to respond to it. *See Edwards v. Fulton County Ga.*, 509 F. App'x 882, 887 (11th Cir. 2013) (collecting cases). Consequently, the court addresses the collateral estoppel argument.

(11th Cir. 2011); *see also Allen v. McCurry*, 449 U.S. 90, 105 (1980) (collateral estoppel principles apply to § 1983 action raising Fourth Amendment search and seizure issue that was litigated in state court). There are two forms of res judicata: Issue preclusion (also called collateral estoppel) and claim preclusion (also called res judicata). *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Because the court is considering the preclusive effect of a prior state decision, the court applies the state's principles of collateral estoppel. *Cmty. State Bank*, 651 F.3d at 1263 (apply the rendering state's law of preclusion when considering the preclusive effect of a judgment in that state); *see also Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1036 (11th Cir. 2014) ("Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must 'give preclusive effect to a state court judgment to the same extent as would courts of the state in which the judgment was entered.'") (internal quotation marks and citations omitted). If the Alabama state courts would give preclusive effect to the prior judgment and Williams had a "full and fair opportunity" to litigate his claims in accordance with due process, then this court will give preclusive effect to the state court judgment. *Winn-Dixie Stores, Inc.*, 746 F.3d at 1036 (quotation marks and citations omitted). In Alabama, "[c]ollateral estoppel requires that: (1) the issue be identical to one the issue involved in previous suit; (2) the issue be actually litigated in prior action; and (3) the resolution of the issue be necessary to the prior judgment." *Brown v. One Beacon Ins. Co. Inc.*, 317 F. App'x 915, 917 (11th Cir.) (quoting *Wheeler v. First Alabama Bank of Birmingham*, 364 So.2d 1190, 1199 (Ala. 1978)), *cert. denied*, 558 U.S. 822 (2009).

Here, Williams litigated the validity of the February 12, 2012 search warrant in his state court criminal proceedings. In state court he raised the same arguments against it that he now raises, the trial court rejected his arguments, judgment was entered against him, and he raised the issue on appeal, albeit so vaguely the Court of Criminal Appeals refused to address his arguments. Resolution of the issue was necessary to the prior judgment because if the warrant had been declared invalid, the evidence obtained against Williams during the search would have been suppressed. Williams had a full and fair opportunity to litigate the issue in state court, thus he is collaterally estopped from relitigating the identical issue in this § 1983 action. *See Brown*, 317 F.3d at 917.

      b.    Qualified Immunity

Even if Williams is not estopped from challenging the February 17, 2012 search warrant, Brooks is entitled to qualified immunity from any damages as a result of the alleged violations. Qualified immunity requires the public official to show first that he or she "was acting within the scope of his [or her] discretionary authority when the allegedly wrongful acts occurred." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotation marks and citations omitted). If a defendant meets this first step, the burden shifts to the plaintiff to allege facts establishing that the defendant violated plaintiff's constitutional rights, and that the right was clearly established when the defendant acted. *Id.* The second step is "undertaken in light of the specific context of the case, not as a broad general proposition." *Id.* at 1194. The court need not assess the factors in the second step in a

particular order. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

To satisfy the Fourth Amendment, an affidavit supporting a warrant "must set forth particular facts and circumstances underlying the existence of probable cause, so as to allow the magistrate to make an independent evaluation of the matter." *Franks*, 438 U.S. at 165. "Although probable cause requires more than suspicion, it does not require convincing proof . . . and need not reach the [same] standard of conclusiveness and probability as the facts necessary to support a conviction." *Lee*, 284 F.3d at 1195 (internal quotation marks and citations omitted). In the context of a search warrant, an officer is entitled to qualified immunity if there was even "arguable probable cause" to support the warrant. "Arguable probable cause exists if, under all of the facts and circumstances, an officer reasonably could—not necessarily would—have believed that probable cause was present." *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1332 (11th Cir. 2004) (citation omitted). The arguable probable cause determination "depends on the elements of the alleged crime and the operative fact pattern . . . [but s]howing arguable probable cause does not, however, require proving every element of a crime." *Grider*, 618 F.3d at 1257 (alterations added, citations omitted). On the other hand, arguable probable cause does not exist "where 'a reasonably well-trained officer . . . would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant.'" *Kelly v. Curtis*, 21 F.3d 1544, 1553 (11th Cir. 1994) (quoting *Malley v. Briggs*, 475 U.S. 335, 345 (1986)).

With regard to the February 17, 2012 warrant, it is undisputed that Brooks was acting

in his discretionary capacity, a prerequisite to qualified immunity, thus the burden shifts to Williams to show qualified immunity is inappropriate. *See Lee,* 284 F.3d at 1194. Williams was charged under then-Alabama Code § 28-3A-25(a)(15),[9] which made it a crime "[f]or any person [. . .] who [. . .] has not been properly licensed under the appropriate provisions of this chapter to sell, offer for sale, or have in possession for sale, any alcoholic beverages." Based on Brooks' observations, and for the reasons previously given in the discussion regarding the warrant, there was at least arguable probable cause to support the warrant issued on February 17, 2012.

Brooks had information from a reliable informant who recently purchased alcohol from Williams at the residence, Williams did not have a license to sell alcohol, Brooks observed the residence to be searched multiple times and noticed increased traffic around it, Brooks took reasonable steps to ascertain the address of the residence, the warrant identified the location to be searched and the items to be taken with particularity, and nothing suggests Brooks gave knowingly false information in the affidavit or the warrant was "so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *See Malley*, 475 U.S. at 345; Doc. 38-2 at 2-6 (Court of Criminal Appeals decision), Doc. 38-3 (Brooks' Affidavit). Under these circumstances, Brooks had arguable probable cause to believe the warrant was adequately supported, and he is entitled to qualified immunity from Williams' claims for damages in connection with search warrant issued on February 17,

---

[9]The code was amended in 2012, and this provision was is now located at Alabama Code § 28-3A-25(14) (2012 Ala. Laws Act 2012-506 (H.B. 101)).

2012.  Consequently, Brooks is entitled to judgment as a matter of law on Williams' federal claims.  *See* Fed. R. Civ. P. 56(a).

## V.   STATE LAW CLAIMS

Finally, to the extent Williams asserts a violation of state law as the basis for relief against Defendant Chris Brooks, he is entitled to no relief from this court.  The court's exercise of supplemental jurisdiction over the state law claim is completely discretionary.  Under 28 U.S.C. § 1367(c)(3), the court "may decline to exercise supplemental jurisdiction over a [state law claim] if . . . the district court has dismissed [the related federal] claim[] over which it has original jurisdiction . . . ."  The court's discretion is advised by *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), in which the Court held that

> [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.[]  Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.[]

*Id.* at 726 (footnotes omitted).  In *Carnegie-Mellon University v. Cohill*, the Supreme Court reiterated that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain,[] the federal court should decline the exercise of jurisdiction by dismissing the [claim] without prejudice [. . .]."  484 U.S. 343, 350 (1988) (footnote omitted).  Accordingly, the court concludes that Williams' claims alleging a violation of state law should be dismissed without prejudice.

## VI. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge as follows:

(1)  Defendant Chris Brooks' *Motion for Summary Judgment* (Doc. 38) be **GRANTED**, and the federal claims against Brooks be dismissed with prejudice; and

(2)  Williams' state law claims against Brooks be dismissed without prejudice.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to this Recommendation on or before **September 2, 2014.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981).

    DONE this 19th day of August, 2014.

                        /s/ Terry F. Moorer
                        TERRY F. MOORER
                        UNITED STATES MAGISTRATE JUDGE